**O'REILLY LAW GROUP, LLC**
John F. O'Reilly, Esq.
Nevada Bar No. 1761
Timothy R. O'Reilly, Esq.
Nevada Bar No. 8866
325 S. Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 382-2500
E-Mail: efile@oreillylawgroup.com
Attorneys for Legacy Properties, LLC

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | Case Number 2:17-bk-14566-abl |
| Monique Kashay Brown, | Chapter 7 |
| Debtor. | **MOTION FOR RELIEF FROM AUTOMATIC STAY** |

Comes now, Legacy Properties, LLC ("Legacy"), by and through its counsel of record, Timothy R. O'Reilly, Esq., and hereby moves for relief from the automatic stay. This motion is made on the basis of the Memorandum of Points and Authorities set forth herein, the exhibits and other evidence attached hereto, the pleadings and papers on file in this action, and any oral argument permitted by the Court.

DATED: September 8, 2017          **O'REILLY LAW GROUP, LLC**

By: /s/ Timothy R. O'Reilly
John F. O'Reilly, Esq.
Nevada Bar No. 1761
Timothy R. O'Reilly, Esq.
Nevada Bar No. 8866
325 South Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 382-2500
E-Mail: efile@oreillylawgroup.com
Attorneys for Legacy Properties, LLC

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

Monique Kashay Brown ("Debtor") remains the occupant of residential real property located at 6550 Laredo St., Las Vegas, Nevada, 89146 APN 163-11-103-012 (the "Laredo Property"), and refuses to make adequate rental or lease payments and/or vacate the Laredo Property. Debtor filed this action to avoid relief from stay granted to Legacy in the bankruptcy matter of Parnell Colvin, who occupies the disputed property with Debtor. The current title holder, Legacy, suffers financially by the refusal of Debtor to make any adequate rental or lease payments and/or vacate the Laredo Property. The Debtor's lease agreement with the former owner of the property terminated on February 28, 2017. Therefore, Legacy requests leave from this Court to evict Debtor from Legacy's property.

**II.   JURISDICTION AND VENUE**

Subject to 11 U.S.C. §§101 – 1532, this Court has jurisdiction over the debtor and creditors seeking relief from the automatic stay.

**III.   PROCEDURAL BACKGROUND**

On or about February 13, 2017, Parnell Colvin ("Colvin") filed his Voluntary Petition for Chapter 7 Bankruptcy Relief. [See 2:17-BK-10614-mkm, ECF No. 1]

On or about July 13, 2017, Legacy Properties, LLC ("Legacy") filed its Motion for Relief from Automatic Stay in the Colvin Bankruptcy matter. [See 2:17-BK-10614-mkm, ECF No. 24, attached hereto as Exhibit A]

On or about August 23, 2017, a Notice of Entry of the August 17, 2017 Order Granting Motion for Relief from Automatic Stay was entered in the Colvin Bankruptcy. [See 2:17-BK-10614-mkm, ECF No. 48, attached hereto as Exhibit B]

On or about August 23, 2017, Debtor filed for Bankruptcy protection in Case 2:17-BK-14566-abl. [See ECF No. 1]

On or about August 23, 2017, this Court gave Notice of Incomplete and/or Deficient Filings including but not limited to:

(1) Violations of FRBP 1007 & LR 1007, failure to include:

    a. Declaration About an Individual Debtor's Schedules (Official Form 106Dec)
    b. Summary of Debtor Assets and Liabilities and Certain Statistical Information (28 U.S.C. Section 159) (Official Form 106Sum)
    c. Schedule A/B: Property (Official Form 106A/B)
    d. Schedule C: Property Debtor Claims as Exempt (Official Form 106C)
    e. Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D)
    f. Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 106E/F)
    g. Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G)
    h. Schedule H: Debtor Codebtors (Official Form 106H)
    i. Schedule I: Debtor Income (Official Form 106I)
    j. Schedule J: Debtor Expenses (Official Form 106J).

(2) Failure to Include Statement of Financial Affairs for Individuals Filing for Bankruptcy (Official Form 107), required pursuant to Fed. R. Bankr. P. 1007(b) and (c).

(3) Failure to Include Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108), required pursuant to Fed. R. Bankr. P. 1007(b)(2) and 11 U.S.C. Section 521(a)(2), was not filed with the Voluntary Petition.

(4) Failure to Include Verification of Creditor Matrix.

(5) Failure to Include Chapter 7 Statement of Your Current Monthly Income and/or Statement of Exemption from Presumption of Abuse Under Section 707(b)(2) and/or Chapter 7 Means Test Calculation (Forms 122A−1, 122A−1Supp and 122A−2), required pursuant to Fed. R. Bankr. P. 1007(b)(4) and (c), were not filed at the same time as the Voluntary Petition.

(6) Failure to Include Certificate of Creditor Counsel [See CM ECF No. 6].

On August 23, 2017, Debtor filed a Notice of Bankruptcy in the related eviction proceeding in Justice Court, Township of Las Vegas, Clark County, Nevada, Case No. 17E020548. [See Exhibit C, Notice of Bankruptcy]

Debtor previously filed Bankruptcy in Oregon, which was dismissed on September 13, 2013 for failure to provide information. [See ECF entry on August 24, 2017 and 13-35352]

Debtor previously filed Bankruptcy in Nevada, which was dismissed "for other reason" on October 26, 2015. [See ECF Entry on August 24, 2017 and 15-16063]

Debtor's current suit seeks to avoid a just and lawful order granting Legacy's Motion for Relief from Automatic Stay in associated Colvin Bankruptcy Case No. 2:17-BK-10614-MKN.

Legacy moves this Court for relief from the stay so as to take possession of its Legacy Property and mitigate its losses.

### IV.     FACTUAL BACKGROUND

On or about October 4, 2013, Waters became title holder to the property. [See Ex. 1 of Exhibit A, 2013 Deed]

On or about August 30, 2016, Debtor, Colvin, and Waters entered into a Residential Lease Agreement whose lease term was September 1, 2016 to 12:00 noon on February 28, 2017. [See Exhibit 2 of Exhibit A, Residential Lease Agreement]

On or about May 11, 2017, Mickey Griffin, of Legacy Properties, LLC ("Griffin"), reached out to Debtor and Colvin to inform them that Legacy was purchasing the property. [See Exhibit D, Declaration of Mickey Griffin]

On June 30, 2017, Legacy became the recorded title holder of the property. [See Exhibit 3 of Exhibit A, June 30, 2017 Grant Bargain Sale Deed]

On or about June 30, 2017, Michael Lucas, an agent of Legacy, personally delivered a copy of the recorded Deed in Favor of Legacy. [See Exhibit D]

Between June 30, 2017 to July 11, 2017, Legacy made multiple attempts to contact and discuss the ownership and occupancy of the property in question to no avail. [See Exhibit D]

On or about July 11, 2017 Debtor and Parnell informed Legacy that the recorded deed was a "fraud," that Legacy did not own the property, and that Debtor and/or Colvin would make no payments to Legacy regarding their occupancy of the property. [See Exhibit D]

On or about July 12, 2017, Griffin and the police arrived at the property to discuss the occupancy and ownership thereof, with Debtor and Colvin refusing to respond. [See Exhibit D]

On or about July 19, 2017, Legacy transmitted a picture of the assessor's website stating Legacy was the property owner. [See Exhibit D] Debtor and Colvin refused to respond. [See Exhibit D]

On or about July 21, 2017, Legacy contacted Debtor and Colvin to offer $2,000 cash to move out by August 2, 2017. [See Exhibit D] Debtor and Colvin refused to respond. [See Exhibit D]

On or about August 18, 2017, when Debtor and Colvin received the five (5) day pay or quit notice, Debtor and Parnell informed Legacy via text message that Debtor and Colvin intended to file "another bankruptcy" in order to avoid the eviction proceeding and order granting relief from stay. [See Exhibit D]

Debtor has made no payments to either Waters or Legacy since February 2017. [See Exhibit 4 of Exhibit A, Affidavit]

In addition to the house occupied by Debtor and Colvin, the property has an apartment, which may be rented, but due to the actions of Debtor and Parnell, Legacy is having difficulty renting or obtaining any useful economic value of the same. [See Exhibit D]

Legacy seeks permission to evict Debtor as Debtor has no lease or contractual agreement with Legacy regarding possession of the property.

A proposed Order granting this Motion for Relief from Automatic Stay is attached as Exhibit E. [See Exhibit E, Proposed Order]

**A.    Legacy Properties, LLC is Entitled to Evict Debtor as No Lease Exists Between Debtor and Legacy.**

Debtors seeking bankruptcy protection automatically receive the benefits of 11 USC §362 preventing collection actions or proceedings against the debtors or their property. However, in this

matter, Debtor holds no property interest in the Laredo Property either through lease or purchase agreement. Therefore, Debtor is not entitled to bankruptcy protection as it relates to Debtor's adverse possession of the Laredo Property.

As of the drafting of this motion, Debtor failed to file a Verification of Creditor Matrix. Debtor's multitude of inadequate filings or omissions (as listed supra), render the Debtor's petition as inadequate to obtain proper protection through bankruptcy.  11 U.S.C. § 521(1)  "The debtor lists the creditors, so it is the debtor's knowledge of a creditor, not the creditor's knowledge of his claim, which controls whether the debtor has a duty to list that creditor." *Maya Const. Co., In re*, 78 F.3d 1395 at 1398 (C.A.9 (Ariz.), 1996) referencing *In re Hi-Lo Powered Scaffolding, Inc.*, 70 B.R. 606, 610 (Bankr.S.D.Ohio 1987) (rejecting idea that "a claim arises only at such time as the entity asserting the claim learns of its existence.").  Therefore, Legacy should be allowed to proceed forward with eviction proceedings.

**B.    Legacy Properties is Entitled to Relief From Automatic Stay as Legacy was Granted Relief in the Related Bankruptcy Action.**

At the August 2, 2017, hearing upon Legacy's Motion for Relief Upon Automatic Stay, the Court granted the motion based upon the same or substantially same facts as in this matter.  [See. Ex. A & B] Therefore, Legacy is entitled to relief form the automatic stay as it would be unjust to allow Debtor and Colvin to escape the order of this court by deliberately filing a second, delayed bankruptcy with the intent the thwart the order of this court.

**C.    New Debt for Occupancy Accrues Post-Petition and Thus Relief from the Automatic Stay Should be Gran**ted.

The lease with Waters terminated on February 28, 2017 and did not provide provisions for hold-over or continuing of the lease month to month after termination.  [See Ex. 2 of Exhibit A] Each day post-petition in which Debtor occupies the residence constitutes a new debt to Legacy for the continued occupancy.  Therefore, any payments for the continued occupancy past the petition,

would constitute new debt post-petition and would not be subject to the Automatic Stay. Therefore, Legacy should be allowed to evict Debtors from Legacy's property.

### V. CONCLUSION

Legacy is entitled to relief from the Automatic Stay as Legacy is unable to protect its property interests without relief from the stay. The actions of Debtor constitute bad faith and should not be rewarded by allowing Debtor to ignore prior order of this Court lifting the automatic stay relating to this property. Legacy is harmed by the continued occupancy of Legacy's Laredo Property by Debtor.

**WHEREFORE**, Legacy Properties, LLC respectfully requests this Honorable Court grants its request for relief from the stay and allow Legacy to evict Debtor and grant any other just or equitable relief this Court deems proper.

DATED: September 8, 2017                    **O'REILLY LAW GROUP, LLC**

By: /s/ Timothy R. O'Reilly
John F. O'Reilly, Esq.
Nevada Bar No. 1761
Timothy R. O'Reilly, Esq.
Nevada Bar No. 8866
325 South Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 382-2500
E-Mail: efile@oreillylawgroup.com
Attorneys for Legacy Properties, LLC

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am employed in the law offices of O'REILLY LAW GROUP, LLC and that, on September 8, 2017, I served, in accordance with LR 5-4 and Fed. R. Civ. P. 5(b)(2), **MOTION FOR RELIEF FROM AUTOMATIC STAY**

**BY:** *(Check all that apply)*

☒ **a. ECF SERVICE:** That service was made by electronic transmission through the ECF filing system of the U.S. District Court, District of Nevada to the parties set forth on the attached Service List.

☒ **b. U.S. MAIL**: By placing a copy of same in a sealed envelope, with postage fully prepaid thereon, and sending via U.S. mail to the parties set forth on the attached Service List.

☐ **c. PERSONAL SERVICE:** I personally delivered the document(s) to the person(s) set forth on the attached Service List.

☐ For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ **d. BY DIRECT EMAIL** I caused the document(s) to be sent to the persons at the email addresses set forth on the attached Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **e. BY FAX TRANSMISSION:** Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers set forth on the attached Service List. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ **f. BY MESSENGER:** I served the document(s) by placing them in an envelope or package addressed to the persons set forth on the attached Service List and providing them to a messenger for service. (A declaration by the messenger must be attached to this Certificate of Service.)

Signed this 8th day of September, 2017.

/s/ Francene Ruszkai
An Employee of O'REILLY LAW GROUP, LLC

**SERVICE LIST**

All entities as listed on CM/ECF

Debtor via U.S. Mail:
Monique Kashay Brown
6550 Laredo Street
Las Vegas, Nevada 89146

**INDEX OF EXHIBITS**

Exhibit A:   Colvin Bankruptcy Legacy Motion for Relief from Automatic Stay with Exhibits

        Exhibit 1:  Waters Deed

        Exhibit 2:  Expired Lease

        Exhibit 3:  Grant Bargain Sale Deed

        Exhibit 4:  Affidavit of Legacy Properties, LLC

Exhibit B:   Colvin Bankruptcy Notice of Entry of Order Granting Legacy Motion for Relief from Automatic Stay

Exhibit C:   Notice of Bankruptcy filed by Monique on Eviction Proceeding

Exhibit D:   Declaration of Mickey Griffin

Exhibit E:   Proposed Order Granting Motion for Relief from Automatic Stay