**EXHIBIT A**

**EXHIBIT A**

**O'REILLY LAW GROUP, LLC**
John F. O'Reilly, Esq.
Nevada Bar No. 1761
Timothy R. O'Reilly, Esq.
Nevada Bar No. 8866
325 S. Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 382-2500
E-Mail: efile@oreillylawgroup.com
Attorneys for Legacy Properties, LLC

Law Offices
O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
325 South Maryland Parkway •Las Vegas, Nevada 89101
Telephone (702) 382-2500 •Facsimile (702) 384-6266

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In Re: | Case Number 2:17-bk-10614-mkn |
| Parnell Colvin, | Chapter 7 |
| Debtor. | **MOTION FOR RELIEF FROM AUTOMATIC STAY** |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

Comes now, Legacy Properties, LLC ("Legacy"), by and through its counsel of record, Timothy R. O'Reilly, Esq., and hereby moves for relief from the automatic stay. This motion is made on the basis of the Memorandum of Points and Authorities set forth herein, the exhibits and other evidence attached hereto, the pleadings and papers on file in this action, and any oral argument permitted by the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Debtor remains the occupant of residential real property located at 6550 Laredo St., Las Vegas, Nevada, 89146 APN 163-11-103-012 (the "Laredo Property"), and refuses to make rental or lease payments. The current title holder, Legacy, suffers financially by the refusal of debtor to make any rental payments. The Debtor's lease agreement with the former owner of the property

Law Offices
O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
325 South Maryland Parkway •Las Vegas, Nevada 89101
Telephone (702) 382-2500 •Facsimile (702) 384-6266

terminated on February 28, 2017. Therefore, Legacy requests leave from this Court to evict debtor from Legacy's property.

**II. JURISDICTION AND VENUE**

Subject to 11 U.S.C. this Court has jurisdiction over the debtor and creditors seeking relief from the automatic stay.

**III. PROCEDURAL BACKGROUND**

On or about February 13, 2017, Parnell Colvin ("Debtor") filed his voluntary petition for Chapter 7 Bankruptcy Relief. [See CM ECF No. 1]

On or about April 4, 2017, Debtor filed an amendment to his list of creditors. [See CM ECF No. 16] Debtor's list of creditors included the Estate of Susan Waters ("Waters") but not Legacy. [See CM ECF No. 16]

Legacy moves this court for relief from the stay so as to take possession of its property and mitigate losses.

**IV. FACTUAL BACKGROUND**

On or about October 4, 2013, Waters became title holder to the property. [See Exhibit 1 2013 Deed]

On or about August 30, 2016, Debtor and Waters entered into a Residential Lease Agreement whose lease term was September 1, 2016 to 12:00 noon on February 28, 2017. [See Exhibit 2 Residential Lease Agreement]

On June 30, 2017, Legacy became the recorded title holder of the property. [See Exhibit 3 June 30, 2017 Grant Bargain Sale Deed]

Debtor has made no payments to either Waters or Legacy since February 2017. [See Exhibit 4 Affidavit]

. . .

Case 17-10614-mkn Doc 24 Entered 07/13/17 12:18:07 Page 3 of 7

Legacy seeks permission to evict Debtor as Debtor has no lease or contractual agreement with Legacy regarding possession of the property.

**A. Legacy Properties, LLC is Entitled to Evict Debtor as No Lease Exists Between Debtor and Legacy.**

Debtors seeking bankruptcy protection automatically receive the benefits of 11 USC §362 preventing collection actions or proceedings against the debtors or their property. However, in this matter, Debtor holds no property interest in the Laredo Property either through lease or purchase agreement. Therefore, Debtor is not entitled to bankruptcy protection as it relates to Debtor's adverse possess of 6550 Laredo St.

Furthermore, by failing to include Legacy in debtor's Verification of Creditor Matrix, Debtor failed to obtain proper protection through bankruptcy. 11 U.S.C. § 521(1) "The debtor lists the creditors, so it is the debtor's knowledge of a creditor, not the creditor's knowledge of his claim, which controls whether the debtor has a duty to list that creditor." Maya Const. Co., In re, 78 F.3d 1395 at 1398 (C.A.9 (Ariz.), 1996) referencing In re Hi-Lo Powered Scaffolding, Inc., 70 B.R. 606, 610 (Bankr.S.D.Ohio 1987) (rejecting idea that "a claim arises only at such time as the entity asserting the claim learns of its existence."). Therefore, Legacy should be allowed to proceed forward with eviction proceedings.

**B. Legacy Properties is Entitled to Relief From Automatic Stay as the Debt Sought to Enforce is Post Petition Debt.**

The automatic stay clearly prohibits the "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title." 11 U.S.C. 362 (a)(2). However, the Automatic Stay does not prohibit the collection of new debts post-petition. The lease with Waters terminated on February 28, 2017 and did not provide provisions for hold-over or continuing of the lease month to month after termination. [See Ex. 2] Therefore, any lease or rental payments that may be due or owing would constitute new debt post-

Law Offices
O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
325 South Maryland Parkway •Las Vegas, Nevada 89101
Telephone (702) 382-2500 •Facsimile (702) 384-6266

petition and would not be subject to the Automatic Stay. Therefore, Legacy should be allowed to evict debtors from Legacy's property.

**V. CONCLUSION**

Legacy is entitled to relief from the Automatic Stay as the debt sought to enforce is post petition, Debtor lacks any interest in the Laredo Property in question, and Legacy is harmed by the continued occupancy of Legacy's Laredo Property by Debtor.

**WHEREFORE**, Legacy Properties, LLC respectfully requests this Honorable Court grants its request for relief from the stay and allow Legacy to evict debtor and grant any other just or equitable relief this Court deems proper.

DATED: July 13, 2017

**O'REILLY LAW GROUP, LLC**

By: /s/ Timothy R. O'Reilly
John F. O'Reilly, Esq.
Nevada Bar No. 1761
Timothy R. O'Reilly, Esq.
Nevada Bar No. 8866
325 South Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 382-2500
E-Mail: efile@oreillylawgroup.com
Attorneys for Legacy Properties, LLC

Law Offices
O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
325 South Maryland Parkway • Las Vegas, Nevada 89101
Telephone (702) 382-2500 • Facsimile (702) 384-6266

Law Offices
O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
325 South Maryland Parkway •Las Vegas, Nevada 89101
Telephone (702) 382-2500 •Facsimile (702) 384-6266

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am employed in the law offices of O'REILLY LAW GROUP, LLC and that, on July 13, 2017, I served, in accordance with LR 5-4 and Fed. R. Civ. P. 5(b)(2), **MOTION FOR RELIEF FROM AUTOMATIC STAY**

**BY:** *(Check all that apply)*

☒ **a. ECF SERVICE:** That service was made by electronic transmission through the ECF filing system of the U.S. District Court, District of Nevada to the parties set forth on the attached Service List.

☒ **b. U.S. MAIL:** By placing a copy of same in a sealed envelope, with postage fully prepaid thereon, and sending via U.S. mail to the parties set forth on the attached Service List.

☐ **c. PERSONAL SERVICE:** I personally delivered the document(s) to the person(s) set forth on the attached Service List.

☐ For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ **d. BY DIRECT EMAIL** I caused the document(s) to be sent to the persons at the email addresses set forth on the attached Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **e. BY FAX TRANSMISSION:** Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers set forth on the attached Service List. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ **f. BY MESSENGER:** I served the document(s) by placing them in an envelope or package addressed to the persons set forth on the attached Service List and providing them to a messenger for service. (A declaration by the messenger must be attached to this Certificate of Service.)

Signed this 13th day of July, 2017.

/s/ Francene Ruszkai
An Employee of O'REILLY LAW GROUP, LLC

Case 17-10614-mkn Doc 24 Entered 07/13/17 12:18:07 Page 6 of 7

**SERVICE LIST**

All entities as listed on CM/ECF

Debtor via U.S. Mail:
Parnell Colvin
6550 Laredo Street
Las Vegas, Nevada 89146

Law Offices
O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
325 South Maryland Parkway •Las Vegas, Nevada 89101
Telephone (702) 382-2500 •Facsimile (702) 384-6266

Law Offices
O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
325 South Maryland Parkway •Las Vegas, Nevada 89101
Telephone (702) 382-2500 •Facsimile (702) 384-6266

**INDEX OF EXHIBITS**

Exhibit 1 2013 Deed

Exhibit 2 Residential Lease Agreement

Exhibit 3 Grant Bargain Sale Deed

Exhibit 4 Affidavit of Legacy Properties, LLC

***EXHIBIT 1***

***EXHIBIT 1***

Inst #: 201310040001109
Fees: $19.00 N/C Fee: $0.00
RPTT: $0.00 Ex: #004
10/04/2013 10:23:32 AM
Receipt #: 1798498
Requestor:
SUSAN WATERS
Recorded By: JACKSM Pgs: 4
DEBBIE CONWAY
CLARK COUNTY RECORDER

(4)-1

**RECORDING COVER PAGE**
(Must be typed or printed clearly in BLACK ink only and avoid printing in the 1" margins of document)

**APN#** 163-11-103-012

(11 digit Assessor's Parcel Number may be obtained at: http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx)

**TITLE OF DOCUMENT**
**(DO NOT Abbreviate)**

Quitclaim Deed

**Document Title on cover page must appear EXACTLY as the first page of the document to be recorded.**

**RECORDING REQUESTED BY:**
Susan Waters

**RETURN TO: Name** Susan Waters
**Address** 6550 Laredo Street
**City/State/Zip** Las Vegas, Nevada 89146

**MAIL TAX STATEMENT TO: (Applicable to documents transferring real property)**
**Name** Susan Waters
**Address** 6550 Laredo Street
**City/State/Zip** Las Vegas, Nevada 89146

This page provides additional information required by NRS 111.312 Sections 1-2.
An additional recording fee of $1.00 will apply.
To print this document properly—do not use page scaling.

**APN: 163-11-103-012**

**QUITCLAIM DEED**

THIS INDENTURE WITNESSETH: ---- Joseph Fiammetta and Christine Fiammetta (husband and wife) GRANTOR, in consideration of $0.00 Dollars, receipt of which is hereby acknowledged: ---------------------------- Quitclaims to Susan Waters, an unmarried woman GRANTEE, all that real property in the County Of Clark, State of Nevada, bounded and described as follows:

See Exhibit A for complete legal description

Commonly Known As: 6550 Laredo Street
Las Vegas, Nevada 89146

The express purpose of this Quitclaim Deed is for GRANTOR(s) to release their Joint Tenancy ownership interest in the property to GRANTEE.

Subject To: (1) Taxes for the fiscal year 2013-2014
(2) Deed of Trust in favor of Seterus
Book: 20130422 Inst: 0001338
(3) Deed Of Trust in favor of Wells Fargo Bank
Book: 20041116 Instrument: 0002773

Joseph Fiammetta

Christine Fiammetta

STATE OF NEVADA )
COUNTY OF CLARK ) ss
This instrument was acknowledged before me on ~~September~~ October 1, 2013 by Joseph Fiammetta and Christine Fiammetta.

Notary Public

LUIS DIAZ
Notary Public State of Nevada
No. 11-3994-1
My Appt. Exp. January 26, 2015

**Exhibit "A"**

Lot Two (2) as shown by map thereof on file in File 11 of Parcel Maps, Page 34, recorded December 23, 1976 as Document No. 650123, Clark County, Nevada Records.

**STATE OF NEVADA**
**DECLARATION OF VALUE**

1. Assessor Parcel Number(s)
   a. 163-11-103-012
   b. ______
   c. ______
   d. ______

2. Type of Property:
   a. ☐ Vacant Land  b. ☑ Single Fam. Res.
   c. ☐ Condo/Twnhse  d. ☐ 2-4 Plex
   e. ☐ Apt. Bldg  f. ☐ Comm'l/Ind'l
   g. ☐ Agricultural  h. ☐ Mobile Home
   ☐ Other

| FOR RECORDERS OPTIONAL USE ONLY |
|---|
| Book ______ Page: ______ |
| Date of Recording: ______ |
| Notes: |

3.a. Total Value/Sales Price of Property $ ______
b. Deed in Lieu of Foreclosure Only (value of property ( ______ )
c. Transfer Tax Value: $ ______
d. Real Property Transfer Tax Due $ ______

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section 04
   b. Explain Reason for Exemption: Remove Joint Tenants without consideration

5. Partial Interest: Percentage being transferred: ______ %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

CHRISTINE FLAMMETTA [signature]

Signature [signature] JOSEPH FIAMMETTA Capacity: Grantor

Signature [signature] SUSAN WATERS Capacity: Grantee

| **SELLER (GRANTOR) INFORMATION (REQUIRED)** | **BUYER (GRANTEE) INFORMATION (REQUIRED)** |
|---|---|
| Print Name: Joseph & Christine Flammetta | Print Name: Susan Waters |
| Address: 6908 Kim Avenue | Address: 6650 Laredo Street |
| City: LAs Vegas | City: Las Vegas |
| State: Nevada Zip: 89145 | State: Nevada Zip: 89146 |

**COMPANY/PERSON REQUESTING RECORDING (Required if not seller or buyer)**

| | |
|---|---|
| Print Name: Turner Realty | Escrow # N/A |
| Address: 2645 S Torrey Pines Drive | |
| City: Las Vegas | State: Nevada Zip: 89146 |

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED

***EXHIBIT 2***

***EXHIBIT 2***

**RESIDENTIAL LEASE AGREEMENT**

THIS LEASE (the "Lease") dated this 30th day of August, 2016

BETWEEN:

**estate of susan waters**

(the "Landlord")

- AND-

**Parnell Colvin and Monique Brown**

(collectively and individually the "Tenant")

(individually the "Party" and collectively the "Parties")

IN CONSIDERATION OF the Landlord leasing certain premises to the Tenant and other valuable consideration, the receipt and sufficiency of which consideration is hereby acknowledged, the Parties agree as follows:

## Leased Property

1. The Landlord agrees to rent to the Tenant the house, municipally described as 6550 laredo st, las vegas, Nevada 89146 (the "Property"), for use as residential premises only.
2. Subject to the provisions of this Lease, apart from the Tenant, no other persons will live in the Property without the prior written permission of the Landlord, except for: +3 minor children.
3. No guests of the Tenants may occupy the Property for longer than one week without the prior written consent of the Landlord.
4. No animals are allowed to be kept in or about the Property without the revocable written permission of the Landlord.
5. Subject to the provisions of this Lease, the Tenant is entitled to the exclusive use of the following parking on or about the Property: left side of house and garage.
6. The Tenant and members of Tenant's household will not smoke anywhere in the Property nor permit any guests or visitors to smoke in the Property.

## Term

7. The term of the Lease commences at 12:00 noon on September 1, 2016 and ends at 12:00 noon on February 28, 2017.

8. Notwithstanding that the term of this Lease commences on September 1, 2016, the Tenant is entitled to possession of the Property at 12:00 noon on August 30, 2016.

9. Any notice to terminate this tenancy must comply with the applicable legislation of the State of Nevada (the "Act").

## Rent

10. Subject to the provisions of this Lease, the rent for the Property is $2,000.00 per month (the "Rent").

11. The Tenant will pay the Rent on or before the 1st of each and every month of the term of this Lease to the Landlord at 7352 misty glow ct, las vegas, Nevada 89131 or at such other place as the Landlord may later designate.

12. The Landlord may increase the Rent for the Property upon providing to the Tenant such notice as required by the Act.

13. The Tenant will be charged an additional amount of $30.00 per day for any Rent that is received after the latter of the due date and the expiration of any grace period under the Act, if any.

## Security Deposit

14. On execution of this Lease, the Tenant will pay the Landlord a security deposit of $1,000.00 (the "Security Deposit").

15. The Landlord will hold the Security Deposit at an interest bearing account solely devoted to security deposits at wellsfargo located at __________.

16. The Landlord will return the Security Deposit at the end of this tenancy, less such deductions as provided in this Lease but no deduction will be made for damage due to reasonable wear and tear nor for any deduction prohibited by the Act.

17. During the term of this Lease or after its termination, the Landlord may charge the Tenant or make deductions from the Security Deposit for any or all of the following:

    a. repair of walls due to plugs, large nails or any unreasonable number of holes in the walls including the repainting of such damaged walls;

    b. repainting required to repair the results of any other improper use or excessive damage by the Tenant;

c. unplugging toilets, sinks and drains;

d. replacing damaged or missing doors, windows, screens, mirrors or light fixtures;

e. repairing cuts, burns, or water damage to linoleum, rugs, and other areas;

f. any other repairs or cleaning due to any damage beyond normal wear and tear caused or permitted by the Tenant or by any person whom the Tenant is responsible for;

g. the cost of extermination where the Tenant or the Tenant's guests have brought or allowed insects into the Property or building;

h. repairs and replacement required where windows are left open which have caused plumbing to freeze, or rain or water damage to floors or walls;

i. replacement of locks and/or lost keys to the Property and any administrative fees associated with the replacement as a result of the Tenant's misplacement of the keys; and

j. any other purpose allowed under this Lease or the Act.

For the purpose of this clause, the Landlord may charge the Tenant for professional cleaning and repairs if the Tenant has not made alternate arrangements with the Landlord.

18. The Tenant may not use the Security Deposit as payment for the Rent.

19. Within the time period required by the Act and after the termination of this tenancy, the Landlord will deliver or mail the Security Deposit less any proper deductions or with further demand for payment to: ______________________, ______________, Nevada __________, or at such other place as the Tenant may advise.

## Inspections

20. The Parties will complete, sign and date an inspection report at the beginning and at the end of this tenancy.

21. At all reasonable times during the term of this Lease and any renewal of this Lease, the Landlord and its agents may enter the Property to make inspections or repairs, or to show the Property to prospective tenants or purchasers in compliance with the Act.

## Renewal of Lease

22. The Tenant may renew this Lease as follows: tentative to the possibility of house being sold, tenant will recieve notice if the house is to be listed to sell, and notice of when an offer is accepted to give 30 days notice.

## Tenant Improvements

23. The Tenant may make improvements to the Property as follows: with landlords consent.

## Utilities and Other Charges

24. The Landlord is responsible for the payment of the following utilities and other charges in relation to the Property: garbage collection.

25. The Tenant is responsible for the payment of the following utilities and other charges in relation to the Property: electricity, internet, cable, telephone, natural gas and alarm/security system.

26. The Tenant is also responsible for the following utilities and charges: water
tenant is responsible for maintenance and up keep of the pool, a credit of $115 will be subtracted from the rent on such basis, if at any time the pool is not being kept in clean up keep the credit will be removed to hire a pool company. $100 will be paid to tenant from tenant of guest house monthly for utilities (CJ)

## Insurance

27. The Tenant is hereby advised and understands that the personal property of the Tenant is not insured by the Landlord for either damage or loss, and the Landlord assumes no liability for any such loss.

28. The Tenant is responsible for insuring the Property for damage or loss to the structure, mechanical or improvements to the building of the Property for the benefit of the Parties. Such insurance should include such risks as fire, theft, vandalism, flood and disaster.

29. The Tenant will provide proof of such insurance to the Landlord upon request.

## Attorney Fees

30. In the event that any action is filed in relation to this Lease, the unsuccessful Party in the action will pay to the successful Party, in addition to all the sums that either Party may be called on to pay, a reasonable sum for the successful Party's attorney fees.

## Governing Law

31. This Lease will be construed in accordance with and exclusively governed by the laws of the State of Nevada.

## Severability

32. If there is a conflict between any provision of this Lease and the Act, the Act will prevail and such provisions of the Lease will be amended or deleted as necessary in order to comply with the Act.

Further, any provisions that are required by the Act are incorporated into this Lease.

33. The invalidity or unenforceability of any provisions of this Lease will not affect the validity or enforceability of any other provision of this Lease. Such other provisions remain in full force and effect.

## Amendment of Lease

34. This Lease may only be amended or modified by a written document executed by the Parties.

## Assignment and Subletting

35. The Tenant will not assign this Lease, or sublet or grant any concession or license to use the Property or any part of the Property. Any assignment, subletting, concession, or license, whether by operation of law or otherwise, will be void and will, at Landlord's option, terminate this Lease.

## Additional Clause

36. if lease is broken before end date, tenant will forfeit deposit in its entirety.
Deposit amount will vary based on the condition of the property to cover costs of repairs if needed.

## Damage to Property

37. If the Property should be damaged other than by the Tenant's negligence or willful act or that of the Tenant's employee, family, agent, or visitor and the Landlord decides not to rebuild or repair the Property, the Landlord may end this Lease by giving appropriate notice.

## Maintenance

38. The Tenant will, at its sole expense, keep and maintain the Property and appurtenances in good and sanitary condition and repair during the term of this Lease and any renewal of this Lease.

39. Major maintenance and repair of the Property involving anticipated or actual costs in excess of $100.00 per incident not due to the Tenant's misuse, waste, or neglect or that of the Tenant's employee, family, agent, or visitor, will be the responsibility of the Landlord or the Landlord's assigns.

40. The Tenant will also perform the following maintenance in respect to the Property: tenant is to keep the house and yard in a clean and an up kept fashion.

## Care and Use of Property

41. The Tenant will promptly notify the Landlord of any damage, or of any situation that may significantly interfere with the normal use of the Property or to any furnishings supplied by the Landlord.

42. The Tenant will not engage in any illegal trade or activity on or about the Property.

43. The Parties will comply with standards of health, sanitation, fire, housing and safety as required by law.

44. The Parties will use reasonable efforts to maintain the Property in such a condition as to prevent the accumulation of moisture and the growth of mold. The Tenant will promptly notify the Landlord in writing of any moisture accumulation that occurs or of any visible evidence of mold discovered by the Tenant. The Landlord will promptly respond to any such written notices from the Tenant.

45. If the Tenant is absent from the Property and the Property is unoccupied for a period of 4 consecutive days or longer, the Tenant will arrange for regular inspection by a competent person. The Landlord will be notified in advance as to the name, address and phone number of the person doing the inspections.

46. At the expiration of the term of this Lease, the Tenant will quit and surrender the Property in as good a state and condition as they were at the commencement of this Lease, reasonable use and wear and tear excepted.

## Rules and Regulations

47. The Tenant will obey all rules and regulations of the Landlord regarding the Property.

## Mediation and Arbitration

48. If any dispute relating to this Lease between the Parties is not resolved through informal discussion within 14 days from the date a dispute arises, the Parties agree to submit the issue first before a non-binding mediator and to an arbitrator in the event that mediation fails. The decision of the arbitrator will be binding on the Parties. Any mediator or arbitrator must be a neutral party acceptable to both Parties. The cost of any mediations or arbitrations will be paid by the Tenant.

## Address for Notice

49. For any matter relating to this tenancy, the Tenant may be contacted at the Property or through the phone number below:

    a. Name: Parnell Colvin and Monique Brown.

b. Phone: (503)490-6564.

c. Email: pc681@yahoo.com.

50. For any matter relating to this tenancy, whether during or after this tenancy has been terminated, the Landlord's address for notice is:

a. Name: estate of susan waters.

b. Address: 7352 misty glow ct, las vegas, Nevada 89131.
315 S. Beverly Drive Suite 509 Beverly Hills CA 90212

The contact information for the Landlord is:

c. Phone: 702 354-7315.
310 720 3762 Bill

## General Provisions

51. All monetary amounts stated or referred to in this Lease are based in the United States dollar.

52. Any waiver by the Landlord of any failure by the Tenant to perform or observe the provisions of this Lease will not operate as a waiver of the Landlord's rights under this Lease in respect of any subsequent defaults, breaches or non-performance and will not defeat or affect in any way the Landlord's rights in respect of any subsequent default or breach.

53. This Lease will extend to and be binding upon and inure to the benefit of the respective heirs, executors, administrators, successors and assigns, as the case may be, of each Party. All covenants are to be construed as conditions of this Lease.

54. All sums payable by the Tenant to the Landlord pursuant to any provision of this Lease will be deemed to be additional rent and will be recovered by the Landlord as rental arrears.

55. Where there is more than one Tenant executing this Lease, all Tenants are jointly and severally liable for each other's acts, omissions and liabilities pursuant to this Lease.

56. Locks may not be added or changed without the prior written agreement of both Parties, or unless the changes are made in compliance with the Act.

57. The Tenant will be charged an additional amount of $25.00 for each N.S.F. check or checks returned by the Tenant's financial institution.

58. If the Tenant moves out prior to the natural expiration of this Lease, a re-rent levy of $300.00 will be charged to the Tenant.

59. Headings are inserted for the convenience of the Parties only and are not to be considered when interpreting this Lease. Words in the singular mean and include the plural and vice versa. Words in the masculine mean and include the feminine and vice versa.

60. This Lease may be executed in counterparts. Facsimile signatures are binding and are considered to be original signatures.

61. This Lease constitutes the entire agreement between the Parties.

62. During the last 30 days of this Lease, the Landlord or the Landlord's agents will have the privilege of displaying the usual 'For Sale' or 'For Rent' or 'Vacancy' signs on the Property.

63. Time is of the essence in this Lease.

IN WITNESS WHEREOF Parnell Colvin and Monique Brown and estate of susan waters have duly affixed their signatures on this 30th day of August, 2016.

Tenant: Parnell Colvin

Tenant: Monique Brown

Landlord: estate of susan waters
Christine Fiammetta

The Tenant acknowledges receiving a duplicate copy of this Lease signed by the Tenant and the Landlord on the 30 day of August, 2016

Tenant: Parnell Colvin

Tenant: Monique Brown

# Lead-Based Paint Disclosure

Property: 6550 laredo st, las vegas, Nevada 89146
Landlord: estate of susan waters
Tenant: Parnell Colvin and Monique Brown

## Landlord's Disclosure

The Landlord CERTIFIES THAT:

1. The Landlord has NO knowledge of any lead-based paint and/or lead-based paint hazards in or about the Property.
2. The Landlord has NO records or reports relating to lead-based paint and/or lead-based paint hazards in or about the Property.

Date: 30th day of August, 2016

Landlord: estate of susan waters
Christine Fiammetta

## Tenant's Disclosure

The Tenant ACKNOWLEDGES receipt of:

i. the information contained in the above Landlord's Disclosure including the above-mentioned reports and records; and

ii. the pamphlet *Protect Your Family from Lead in Your Home* (EPA-747-K-99-001) or an equivalent pamphlet that has been approved for use in the state by the Environmental Protection Agency.

Tenant: Parnell Colvin

Date: 30th day of August, 2016

Tenant: Monique Brown

The pamphlet *Protect Your Family from Lead in Your Home* can be ordered in hard copy or can be printed from the website http://www2.epa.gov/lead/protect-your-family-lead-your-home.

# Asbestos Disclosure

Property: 6550 laredo st, las vegas, Nevada 89146
Landlord: estate of susan waters
Tenant: Parnell Colvin and Monique Brown

## Landlord's Disclosure

The Landlord CERTIFIES THAT:

1. The Landlord has investigated and there is no asbestos in or about the Property.
2. The Landlord has NO records or reports with respect to asbestos in or about the Property.

Date: 30th day of August, 2016

Landlord: estate of susan waters
Christina Fiammetta

## Tenant's Disclosure

The Tenant ACKNOWLEDGES receipt of the information contained in the above Landlord's Disclosure including any reports and records.

Tenant: Parnell Colvin

Date: 30th day of August, 2016

Monique Brown
Tenant: Monique Brown

1 key
1 Garage opener
1 Gate opener



©2002-2016 LawDepot.com®

*EXHIBIT 3*

*EXHIBIT 3*

THE ORIGINAL OF THIS DOCUMENT
WAS RECORDED ON 6/30/2017
AS INSTRUMENT NO. 00020?0
IN BOOK 20170630

A.P.N.: 163-11-103-012
R.P.T.T.: $1,904.85

Escrow No.: 17-05-0336-MSR

Mail tax bill to and when recorded mail to:
Legacy Properties, LLC
2550 S. Rainbow #225
Las Vegas, NV 89146

## GRANT, BARGAIN, SALE DEED

**THIS INDENTURE WITNESSETH,** That **Salvatore William DiSalvo, Successor Trustee of the Susan M. Gessaro 1992 Family Trust Established May 21, 1992,** for a valuable consideration, the receipt of which is hereby acknowledged, do(es) hereby Grant, Bargain, Sell and Convey to **Legacy Properties, LLC,** all that real property situated in the County of Clark, State of Nevada, bounded and described as follows:

**SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A".**

COMMONLY KNOWN ADDRESS:
6550 Laredo Street, Las Vegas, NV 89146-5114

**SUBJECT TO:**

1. Taxes for the current fiscal year, not delinquent, including personal property taxes of any former owner, if any:

2. Restrictions, conditions, reservations, rights, rights of way and easements now of record, if any, or any that actually exist on the property.
3. Deed of Trust recorded May 27, 2015 in Book 20150527 and doc 0001980

**TOGETHER WITH** all singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

IN WITNESS WHEREOF, this instrument has been executed this 27th day of June, 2017.

The Susan M. Gessaro 1992 Family Trust Established May 21, 1992

BY: [signature]
Salvatore William DiSalvo
Successor Trustee

The Susan M. Gessaro 1992 Family Trust Established May 21, 1992

SAlvatore William DiSalvo
Successor Trustee

State of California

County of Los Angeles

This instrument was acknowledged before me on 27th day of June 2017, 2017 by Salvatore William DiSalvo Established May 21, 1992.

[signature] *
NOTARY PUBLIC
My Commission Expires: Oct. 30, 2017

* Robin I. Gustafson

ROBIN I. GUSTAFSON
Commission # 2045330
Notary Public - California
Los Angeles County
My Comm. Expires Oct 30, 2017

Robin I. Gustafson
Commission # 2045330
Notary Public - California
Los Angeles County
My Comm. Expires Oct 30, 2017

# EXHIBIT "A"

THAT PORTION OF THE NORTHEAST QUARTER (NE 1/4) OF THE NORTHWEST QUARTER (NW 1/4) OF SECTION 11, TOWNSHIP 21 SOUTH, RANGE 60 EAST, M.D.B.&M., DESCRIBED AS FOLLOWS:

PARCEL TWO (2) AS SHOWN BY MAP THEREOF IN FILE 11 OF PARCEL MAPS, PAGE 34, IN THE OFFICE OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA.

*EXHIBIT 4*

*EXHIBIT 4*

Law Offices
O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
325 South Maryland Parkway • Las Vegas, Nevada 89101
Telephone (702) 382-2500 • Facsimile (702) 384-6266

**AFFIDAVIT OF LEGACY PROPERTIES, LLC**

**IN SUPPORT OF**

**MOTION FOR RELIEF FROM STAY**

I, MICKEY GRIFFIN, do swear or affirm the following to be true and correct to the best of my knowledge:

1. I am the manager of Legacy Properties, LLC whose Nevada Entity Number if E0235302012-7 and have binding decision making authority for said business entity.

2. On or about June 30, 2017, Legacy Properties, LLC became title holder of the residential real property located at 6550 Laredo St, Las Vegas, NV APN 163-11-103-012 ("property") as evidenced by a Grant Bargain Sale Deed Clark County Recorder Document Number 20170630-0002090.

3. To date, Parnell Colvin ("Colvin") has made no payments of rent or lease to Legacy Properties, LLC for occupancy of the property.

4. The lease agreement between Colvin and Estate of Susan Waters terminated on February 28, 2017.

5. Since February 28, 2017, Colvin made no lease or rental payments either to the Estate of Susan Waters or Legacy Properties, LLC.

6. Legacy Properties, LLC has no rental or lease agreement with Colvin.

7. Legacy Properties, LLC suffers damages by the continued occupancy of the property by Colvin.

. . .

. . .

. . .

. . .

Law Offices
O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
325 South Maryland Parkway • Las Vegas, Nevada 89101
Telephone (702) 382-2500 • Facsimile (702) 384-6266

8. Legacy Properties, LLC is entitled to evict Colvin.

Executed this 12 day of July 2017, in Las Vegas, Nevada.

MICKEY GRIFFIN

STATE OF NEVADA )
) ss:
COUNTY OF CLARK )

On 12 July 2017, Mickey Griffin did personally appear before me a notary public, did produce NV DL as identification, and did acknowledge, swear and affirm the above to be true and correct to the best of his knowledge.

NOTARY PUBLIC in and for said County and State

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
DAWN BABER
Appt. No. 00-66244-1
My Appt. Expires Dec. 8, 2020