**O'REILLY LAW GROUP, LLC**
John F. O'Reilly, Esq.
Nevada Bar No. 1761
Timothy R. O'Reilly, Esq.
Nevada Bar No. 8866
325 S. Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 382-2500
E-Mail: efile@oreillylawgroup.com
Attorneys for Legacy Properties, LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>Monique Kashay Brown,<br><br>      Debtor. | Case Number 2:17-bk-14566-abl<br><br>Chapter 7<br><br>**LEGACY PROPERTIES, LLC'S OPPOSITION TO DEBTOR'S MOTION TO CONTINUE RESCHEDULE HEARING (ECF No. 21)**<br><br>*HEARING DATE:* **September 27, 2017**<br><br>*HEARING TIME:* **2:30 PM** |

Comes now, Legacy Properties, LLC ("Legacy"), by and through its counsel of record, Timothy R. O'Reilly, Esq., and hereby opposes Monique Brown's ("Debtor") Motion to Continue Reschedule Hearing (ECF No. 21). This opposition is made on the basis of the Memorandum of Points and Authorities set forth herein, any exhibits attached hereto, the pleadings and papers on

. . .

. . .

. . .

. . .

. . .

. . .

file in this action, and any oral argument permitted by the Court.

DATED: September 25, 2017                    O'REILLY LAW GROUP, LLC


By: /s/ Timothy R. O'Reilly
John F. O'Reilly, Esq.
Nevada Bar No. 1761
Timothy R. O'Reilly, Esq.
Nevada Bar No. 8866
325 South Maryland Parkway
Las Vegas, Nevada 89101
Attorneys for Legacy Properties, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Debtor remains the occupant of residential real property located at 6550 Laredo St., Las Vegas, Nevada, 89146 (APN 163-11-103-012) (the "Laredo Property"), and refuses to make rental or lease payments. The current title holder, Legacy, suffers financially by the refusal of Debtor to make any rental payments. The Debtor's lease agreement with the former owner of the property terminated on February 28, 2017. Debtor filed this action to avoid relief from stay granted to Legacy in the bankruptcy matter of Parnell Colvin, who occupies the disputed property with Debtor. Legacy requested and was granted relief from the automatic stay in order to pursue State Court remedies as to the dispute of occupancy regarding the property in question as to Parnell Colvin, and the Bankruptcy Court refused to reinstate the automatic stay or reconsider its decision to lift the automatic stay. [See Exhibit 1, Order Denying Motion to Reinstate 2:17-BK-10614-MKN *In Re Parnell Colvin* ECF No. 56 and Exhibit 2, Order Denying Motion to Reconsider 2:17-BK-10614-MKN *In Re Parnell Colvin* ECF No. 58] Debtor previously filed bankruptcy in September 13, 2013 in Oregon and on October 26, 2015 in Nevada. [See ECF Entry on August 24, 2017] Rather than file an appropriate opposition, or retain counsel to appear on Debtor's behalf, Debtor seeks to continue the hearing so Debtor may continue not to pay for occupancy of the

property and to rob Legacy of its property rights. Debtors multiple bankruptcy filings, failure to comply with local rules, and attempts avoid legal relief granted Legacy demonstrates an abuse of process. Legacy's Motion for Relief from Automatic Stay (ECF No. 13) should be granted so the parties may adjudicate their rights as to the disputed property in the appropriate State Court venue.

## II. PROCEDURAL BACKGROUND

On or about February 13, 2017, Parnell Colvin ("Colvin") filed his voluntary petition for Chapter 7 Bankruptcy Relief. [See 2:17-BK-10614-mkm ECF No. 1]

On or about July 13, 2017, Legacy Properties, LLC ("Legacy") filed its Motion for Relief from Automatic Stay in the Colvin bankruptcy matter. [See 2:17-BK-10614-mkm ECF No. 24 attached "Exhibit A" to ECF No. 13]

On or about August 23, 2017, a Notice of Entry of the August 17, 2017 Order Granting Motion for Relief from Automatic Stay was entered in the Colvin Bankruptcy. [See 2:17-BK-10614-mkm ECF No. 48 attached as Exhibit B to ECF No. 13]

On or about August 23, 2017, Debtor filed for Bankruptcy protection in case 2:17-BK-14566-abl. [See ECF No. 1]

On or about August 23, 2017, this Court gave Notice of Incomplete and/or Deficient Filings including but not limited to:

(1) Violations of FRBP 1007 & LR 1007, failure to include:

    a. Declaration About an Individual Debtor's Schedules (Official Form 106Dec)
    b. Summary of Debtor Assets and Liabilities and Certain Statistical Information (28 U.S.C. Section 159) (Official Form 106Sum)
    c. Schedule A/B: Property (Official Form 106A/B)
    d. Schedule C: Property Debtor Claims as Exempt (Official Form 106C)
    e. Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D)
    f. Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 106E/F)
    g. Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G)
    h. Schedule H: Debtor Codebtors (Official Form 106H)
    i. Schedule I: Debtor Income (Official Form 106I)

   j. Schedule J: Debtor Expenses (Official Form 106J)

(2) Failure to Include Statement of Financial Affairs for Individuals Filing for Bankruptcy (Official Form 107), required pursuant to Fed. R. Bankr. P. 1007(b) and (c)
(3) Failure to Include Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108), required pursuant to Fed. R. Bankr. P. 1007(b)(2) and 11 U.S.C. Section 521(a)(2), was not filed with the Voluntary Petition.
(4) Failure to Include Verification of Creditor Matrix
(5) Failure to Include Chapter 7 Statement of Your Current Monthly Income and/or Statement of Exemption from Presumption of Abuse Under Section 707(b)(2) and/or Chapter 7 Means Test Calculation (Forms 122A−1, 122A−1Supp and 122A−2), required pursuant to Fed. R. Bankr. P. 1007(b)(4) and (c), were not filed at the same time as the Voluntary Petition
(6) Failure to Include Certificate of Creditor Counsel   [See ECF No. 6]

On August 23, 2017, Debtor filed a Notice of Bankruptcy in the related eviction proceeding in Justice Court, Township of Las Vegas, Clark County, Nevada Case No. 17E020548. [See Exhibit C attached to ECF No. 13]

Debtor previously filed bankruptcy in Oregon, which was dismissed on September 13, 2013 for failure to provide information. [See ECF Entry on August 24, 2017 and 13-35352]

Debtor previously filed bankruptcy in Nevada, which was dismissed "for other reason" on October 26, 2015. [See ECF Entry on August 24, 2017 and 15-16063]

Debtor's current suit seeks to avoid a just and lawful order granting Legacy's Motion for Relief from Automatic Stay in associated Colvin Bankruptcy 2:17-BK-10614-MKN.

Legacy moves this court for relief from the stay so as to take possession of its property and mitigate losses.

On September 21, 2017, Honorable Judge Nakagawa entered an Order Denying Motion to Reinstate 2:17-BK-10614-MKN *In Re Parnell Colvin.* [See Ex. 1]

On September 21, 2017, Honorable Judge Nakagawa entered an Order Denying Motion to Reconsider 2:17-BK-10614-MKN *In Re Parnell Colvin.* [See Ex. 2]

Legacy moves this court for relief from the stay so as to take possession of its property and mitigate losses.

To the extent that law, arguments, exhibits, and declarations contained or attached to Legacy's Motion for Relief from Automatic Stay (ECF No. 13) are applicable to this opposition, Legacy incorporates by reference the same.

**IV.     FACTUAL BACKGROUND**

On or about October 4, 2013, Waters became title holder to the property. [See Ex. 1 of Exhibit A attached to ECF No. 13]

On or about August 30, 2016, Debtor and Waters entered into a Residential Lease Agreement whose lease term was September 1, 2016 to 12:00 noon on February 28, 2017. [See Exhibit 2 of Exhibit A attached to ECF No. 13]

On or about May 11, 2017, Mickey Griffin, of Legacy Properties, LLC, ("Griffin"), reached out to Debtor and Parnell to inform them that Legacy was purchasing the property. [See Exhibit D attached to ECF No. 13]

On June 30, 2017, Legacy became the recorded title holder of the property. [See Exhibit 3 of Exhibit A attached to ECF No. 13]

On or about June 30, 2017, Michael Lucas, an agent of Legacy, personally delivered a copy of the recorded Deed in Favor of Legacy. [See Ex. D attached to ECF No. 13]

Between June 30, 2017 to July 11, 2017, Legacy made multiple attempts to contact and discuss the ownership and occupancy of the property in question to no avail. [See Ex. D attached to ECF No. 13]

On or about July 11, 2017 Debtor and Parnell informed Legacy that the recorded deed was a "fraud," that Legacy did not own the property, and that Debtor and/or Parnell would make no payments to Legacy regarding their occupancy of the property. [See Ex. D attached to ECF No. 13]

On or about July 12, 2017, Griffin and the police arrived at the property to discuss the occupancy and ownership thereof, with Debtor and Parnell refusing to respond. [See Ex. D attached to ECF No. 13]

On or about July 19, 2017, Legacy transmitted a picture of the assessors' website stating Legacy was the property owner. [See Ex. D attached to ECF No. 13] Debtor and Parnell refused to respond. [See Ex. D]

On or about July 21, 2017, Legacy contacted Debtor and Parnell to offer $2,000 cash to move out by August 2, 2017. [See Ex. D attached to ECF No. 13] Debtor and Parnell refused to respond. [See Ex. D attached to ECF No. 13]

On or about August 18, 2017, when Debtor and Parnell received the five (5) day pay or quit notice, Debtor and Parnell informed Legacy via text message, that Debtor and Parnell intended to file "another bankruptcy" in order to avoid the eviction proceeding and order granting relief from stay. [See Ex. D attached to ECF No. 13]

Debtor has made no payments to either Waters or Legacy since February 2017. [See Ex. 4 of Ex. A attached to ECF No. 13]

In addition to the house occupied by Debtor and Parnell, the property has an apartment, which may be rented, but due to the actions of Debtor and Parnell, Legacy is unable to rent or obtain any useful economic value of the same. [See Ex. D attached to ECF No. 13]

Legacy seeks permission to evict Debtor as Debtor has no lease or contractual agreement with Legacy regarding possession of the property.

…

…

…

…

## V. LAW AND ARGUMENT

### A. Debtor's Motion Failed to Conform to Local Rules.

Debtor's Motion to Continue Reschedule Hearing Date (ECF No. 21) should be denied as it failed to abide by local rules. Specifically, LR 9014(c)(1) requires that the motion "must contain a legal memorandum." LR 9014(c)(1). Debtor's motion failed to include a legal memorandum as required by LR 9014(c)(1). Debtor's Motion to Continue Reschedule Hearing Date (ECF No. 21) fails to cite any law or legal authority as basis of said motion. [See ECF No. 21] Therefore, this Court should DENY Debtor's Motion to Continue Reschedule Hearing Date (ECF No. 21). Furthermore, Debtor has taken the time to prepare the Motion To Continue (ECF No. 21), but has failed to file an opposition to Legacy's Motion for Relief from Automatic Stay (ECF No. 13) or retain counsel to appear on Debtor's behalf.

### B. Debtor's Motion Is Not an Opposition, and Therefore the Motion for Relief from Automatic Stay (ECF No. 13) Should be Granted.

Rather than file an opposition, Debtor filed a Motion to Continue (ECF No.21). As of the filing of this opposition, no Notice of Hearing upon Debtor's Motion to Continue (ECF No. 21) has been served upon Legacy. Absent a filed opposition, the Motion for Relief (ECF No. 13) should be granted as unopposed. No information within Debtor's Motion to Continue (ECF No. 21) provides a legal basis to deny Legacy's Motion for Relief from Automatic Stay (ECF No. 13). Instead, the motion states Debtor "can't stand her knees, feet and legs are swollen and she requires assistance." [See ECF No. 21] This Court abides by and is required to abide by 42 U.S.C. 12101 et seq. ("ADA Act"). The Debtor need not stand at the hearing. Debtor may sit, use a mobile assistance device, or any other reasonable or necessary assistance device so she may participate in the courtroom proceedings. If Debtor retains counsel, Debtor need not attend the hearing in person. As the Court is well equipped and accustomed to complying with ADA Act, Debtor's need for assistance is not a legal basis to continue the hearing.

### C. Legacy Properties, LLC is Unable to Protect Its Interests or Negotiate With Debtor without Relief From Stay.

When a bankruptcy petition is filed, an "estate" is created, consisting of all of the debtor's interests, both legal and equitable, in all property, both tangible and intangible. 11 U.S.C. § 541(a); *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir.1993). When a bankruptcy petition is filed, an automatic stay arises. 11 U.S.C. § 362(a); *Hillis Motors*, 997 F.2d at 585. "The scope of the stay is quite broad.... It is designed to effect an immediate freeze of the status quo by precluding and nullifying post-petition actions, judicial or non-judicial, in non-bankruptcy for a against the debtor or affecting the property of the estate." *Hillis Motors*, 997 F.2d at 585.

If the automatic stay is not lifted, then due to the broad powers of the automatic stay, Legacy would be unable to negotiate, seek payment, or discuss remedies to the dispute as to possession of the Laredo Property. Furthermore, as Debtor lacks any lease agreement with Legacy and remains in the property free from payment, Legacy is robbed of its property absent the continued lift of the automatic stay. Therefore, this court should DENY Debtor's Motion to Reschedule (ECF No. 21)

### VI. CONCLUSION

Legacy is entitled to relief from the Automatic Stay. Legacy is harmed by the continued occupancy of Legacy's Laredo Property by Debtor. Debtor's motion fails to abide by local rules or provide legal basis to DENY Legacy's Motion for Relief from Automatic Stay (ECF No. 13).

. . .

. . .

. . .

. . .

. . .

**WHEREFORE**, Legacy Properties, LLC respectfully requests this Honorable Court DENY Debtor's Motion to Continue (ECF. No. 21) and GRANT Legacy Properties, LLC's Motion for Relief from Automatic Stay (ECF No. 13).

DATED this 25th day of September, 2017   **O'REILLY LAW GROUP, LLC**

By: /s/ Timothy R. O'Reilly
John F. O'Reilly, Esq.
Nevada Bar No. 1761
Timothy R. O'Reilly, Esq.
Nevada Bar No. 8866
325 South Maryland Parkway
Las Vegas, Nevada 89101
Attorneys for Legacy Properties, LLC

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am employed in the law offices of O'REILLY LAW GROUP, LLC and that, on the 25th day of September, 2017, I served, in accordance with LR 5-4 and Fed. R. Civ. P. 5(b)(2), **LEGACY PROPERTIES, LLC'S OPPOSITION TO DEBTOR'S MOTION TO CONTINUE RESCHEDULE HEARING (ECF No. 21):** *(Check all that apply)*

☒ **a. ECF SERVICE:** That service was made by electronic transmission through the ECF filing system of the U.S. District Court, District of Nevada to the parties set forth on the attached Service List.

☒ **b. U.S. MAIL:** By placing a copy of same in a sealed envelope, with postage fully prepaid thereon, and sending via U.S. mail to the parties set forth on the attached Service List.

☐ **c. PERSONAL SERVICE:** I personally delivered the document(s) to the person(s) set forth on the attached Service List.

☐ For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☒ **d. BY DIRECT EMAIL** I caused the document(s) to be sent to the persons at the email addresses set forth on the attached Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **e. BY FAX TRANSMISSION:** Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers set forth on the attached Service List. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ **f. BY MESSENGER:** I served the document(s) by placing them in an envelope or package addressed to the persons set forth on the attached Service List and providing them to a messenger for service. (A declaration by the messenger must be attached to this Certificate of Service.)

Signed this 25th day of September, 2017.

*/s/ Jean Ruszkiewicz*
An Employee of O'REILLY LAW GROUP, LLC

**SERVICE LIST**

All entities as listed on CM/ECF

Debtor via U.S. Mail:
Monique Brown
6550 Laredo Street
Las Vegas, Nevada 89146

And via email to: pc681@yahoo.com
[Email address provided by Debtor in Case 17E020548 of Las Vegas Justice Court]

Law Offices
O'REILLY LAW GROUP, LLC
A NEVADA LIMITED LIABILITY COMPANY INCLUDING CORPORATIONS
325 South Maryland Parkway • Las Vegas, Nevada 89101
Telephone (702) 382-2500 • Facsimile (702) 384-6266

**EXHIBIT LIST**

| | |
|---|---|
| Exhibit 1 | Order Denying Motion to Reinstate 2:17-BK-10614-MKN In Re Parnell Colvin ECF No. 56 |
| Exhibit 2 | Order Denying Motion to Reconsider 2:17-BK-10614-MKN In Re Parnell Colvin ECF No. 58 |