*EXHIBIT 1*

*EXHIBIT 1*

Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
September 21, 2017

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

In re:

PARNELL COLVIN,

        Debtor.

Case No. 17-10614-MKN
Chapter 7

Date:  September 20, 2017
Time:  2:30 p.m.

**ORDER ON MOTION TO REINSTATE AUTOMATIC STAY[1]**

On September 20, 2017, the court heard the Motion to Reinstate Automatic Stay filed by Parnell Colvin ("Debtor"). The appearances of counsel were noted on the record. After arguments were presented, the matter was taken under submission.

**BACKGROUND**

On February 13, 2017, Debtor filed a voluntary Chapter 7 petition in pro se. (ECF No. 1). Debtor identified his address as 6550 Laredo Street, Las Vegas, Nevada ("Laredo Property").

On February 27, 2017, Debtor filed his schedules of assets and liabilities ("Schedules") as well as his statement of financial affairs ("SOFA"). (ECF No. 14). The Schedules and the SOFA are signed under penalty of perjury. Schedule A/B indicates at Item 1 that the Debtor does not own or have any legal or equitable interest in any residence, building, land, or similar property. He also attests at Item 54 that he does not own or lease any real property. Debtor's

---

[1] In this Order, all references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court. All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure. All references to "FRCP" are to the Federal Rules of Civil Procedure.

1

Schedules also includes "Official Form 106G" wherein he attests at Item 1 that he does not have any executory contracts or unexpired leases. Debtor also included "Official Form 206G" where he similarly attests that he has no executory contracts or unexpired leases.

On April 11, 2017, Debtor filed a verification of his mailing matrix where he listed the "Estate of Susan Waters" as a creditor at an address in Las Vegas, Nevada.

On July 13, 2017, a motion for relief from automatic stay ("MRAS") was filed by Legacy Properties, LLC ("Legacy"). (ECF No. 24). Legacy alleged that on June 30, 2017, it became the holder of title to the Laredo Property,[2] and that it has received no rental payments from the Debtor. Because the obligation to Legacy arose after the bankruptcy was commenced, Legacy asserted that the automatic stay does not apply and that relief should be granted so that it could pursue eviction remedies under state law.

On July 19, 2017, an order was entered shortening time so that the MRAS could be heard on August 2, 2017. (ECF No. 31). Notice of the order shortening time was served by U.S. Mail upon the Debtor at the Laredo Property address. (ECF No. 32).

On July 31, 2017, Debtor filed a response to the MRAS. (ECF No. 33).

On August 2, 2017, the MRAS was heard and the relief was granted inasmuch as the liabilities that are the subject of the relief were incurred after the commencement of the Chapter 7 proceeding.

On August 17, 2017, an order was entered granting the MRAS ("RAS Order"). (ECF No. 41).

On August 21, 2017, Debtor filed the instant Motion to Reinstate Automatic Stay ("Reinstatement Motion") (ECF No. 42) along with a separate Motion to Reconsider ("Reconsideration Motion") (ECF No. 45). The Reinstatement Motion requests that the court

---

[2] Attached to the MRAS as Exhibit "4" is a copy of a declaration of Mickey Griffin attesting that he is the manager of Legacy and that Legacy became the record title holder of the Laredo Property through a Grant, Bargain and Sale Deed recorded in Clark County on or about June 30, 2017. Attached as Exhibit "3" to the MRAS is a copy of a Grant, Bargain, Sale Deed for the conveyance of the Laredo Property to Legacy, showing a recorder's stamp of June 30, 2017.

reinstate the automatic stay that was terminated by the RAS Order, while the Reconsideration Motion requests that the court redetermine the merits of the MRAS. Opposition to both requests was filed on behalf of Legacy (ECF Nos. 51 and 49) and both matters were heard on September 20, 2017. After the hearings, both matters were taken under submission.³

## DISCUSSION

Having considered the arguments and representations of the parties and their counsel, along with the materials presented, the court concludes that the Reinstatement Motion must be denied.⁴ The reason is very simple: the court has no legal authority to grant the relief requested.

In <u>Canter v. Dowell (In re Canter)</u>, 299 F.3d 1150 (9th Cir. 2002), the Court of Appeals for the Ninth Circuit reiterated that unlike the issuance of stays and injunctions under the equitable powers of a court, the automatic stay in bankruptcy is self-executing under the statutory language of Section 362(a). 299 F.3d at 1155 n.1, <u>citing</u>, <u>Andreiu v. Reno</u>, 223 F.3d 1111, 1121 n.4 (9th Cir. 2000). In other words, the automatic stay ordinarily goes into effect as soon as a bankruptcy petition is filed without necessity of a court order. As there is no language in Section 362 permitting the automatic stay to be reinstated once it has been terminated, the <u>Canter</u> panel concluded that no statutory authority exists for reinstating a previously terminated automatic stay. Even though the language of Section 362 was significantly amended in 2005,⁵

---

³ On October 12, 2017, a separate Motion to Dismiss ("Dismissal Motion") (ECF No. 35) brought by the Chapter 7 trustee, Victoria Nelson ("Trustee") is scheduled to be heard. The basis for the Trustee's request is that the Debtor has failed to attend the meeting of creditors required under Section 341 on at least five separate occasions. On September 1, 2017, Debtor filed a response to the Dismissal Motion asserting that he was involved in a significant automobile accident on May 1, 2017. (ECF No. 53). He apparently argues that his Chapter 7 case should be permitted to continue notwithstanding his failure to submit himself to examination under oath by his creditors and the Trustee.

⁴ A separate order has been entered on the Reconsideration Motion.

⁵ The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") was enacted on April 20, 2005, and was wholly effective on October 17, 2005. The extensive revisions throughout the Bankruptcy Code did not include a provision permitting the automatic stay to be reinstated once it has been terminated. The only exception to the automatic stay being triggered by the filing of a bankruptcy petition was added by Section 362(c)(4) that addressed multiple bankruptcy filings. In enacting that provision, Congress expressly provided that the

3

the continuing validity of the Canter decision has been acknowledged in this judicial district. See Lattin v. Midland Mortgage Company (In re Lattin), 461 B.R. 832, 834 (Bankr. D. Nev. 2011). Once the automatic stay has been terminated, a debtor can seek separate injunctive relief, but must commence an adversary proceeding[6] or other lawsuit and then request injunctive relief from the appropriate court. Id. at 834-35. In the instant case, however, the Reinstatement Motion is not an adversary proceeding nor a separate lawsuit, and the relief requested is not authorized under the law of this circuit.[7]

**IT IS THEREFORE ORDERED** that the Motion to Reinstate Automatic Stay, Docket No. 42, be, and the same hereby is, **DENIED**.

Copies sent to all parties via CM/ECF ELECTRONIC FILING

Copies sent via BNC to:
PARNELL COLVIN
6550 LAREDO ST
LAS VEGAS, NV 89146

---

automatic stay does not go into effect at all in cases where an individual consumer debtor has had two or more cases dismissed within the previous year. See 11 U.S.C. § 362(c)(4)(A)(i). In those situations, a party in interest, including the debtor, can timely request that the stay be put into effect. See 11 U.S.C. § 362(c)(4)(B). Not even this provision added by BAPCPA in 2005, however, authorizes the automatic stay to be reinstated after it has been terminated.

[6] An "adversary proceeding" under FRBP 7001 is the bankruptcy term describing a complaint to obtain legal or equitable relief. The rules governing the prosecution of a complaint in the United States District Court are generally applicable in adversary proceedings. See FED.R. BANKR.P. 7002-7071.

[7] Even if the court had authority to reinstate the automatic stay, such relief is unnecessary. At the hearing on the Reinstatement Motion, both the Debtor and counsel for Legacy acknowledged that unlawful detainer proceedings were commenced in state court. Both apparently agreed that the unlawful detainer proceeding was stayed prior to an initial hearing because a co-occupant of the Laredo Property has filed a separate bankruptcy proceeding. Debtor apparently intends to present a variety of factual and legal issues to the state court whenever the hearing in the unlawful detainer proceeding resumes. Legacy acknowledged that the hearing cannot resume until relief from stay is obtained in the co-occupant's bankruptcy case. Counsel for Legacy represented that relief from stay would be requested in the co-occupant's bankruptcy case, but was unaware of when such a request would be heard. In light of these developments, there are no exigent circumstances that would warrant reinstatement of the automatic stay in the Debtor's case.

4