# EXHIBIT 2

# EXHIBIT 2

Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
September 21, 2017

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

In re:                                    ) Case No. 17-10614-MKN
                                          ) Chapter 7
PARNELL COLVIN,                           )
                                          ) Date:   September 20, 2017
                    Debtor.               ) Time:   2:30 p.m.
_____)

**ORDER ON MOTION TO RECONSIDER**[1]

On September 20, 2017, the court heard the Motion to Reconsider filed by Parnell Colvin ("Debtor"). The appearances of counsel were noted on the record. After arguments were presented, the matter was taken under submission.

**BACKGROUND**

On February 13, 2017, Debtor filed a voluntary Chapter 7 petition in pro se. (ECF No. 1). Debtor identified his address as 6550 Laredo Street, Las Vegas, Nevada ("Laredo Property").

On February 27, 2017, Debtor filed his schedules of assets and liabilities ("Schedules") as well as his statement of financial affairs ("SOFA"). (ECF No. 14). The Schedules and the SOFA are signed under penalty of perjury. Schedule A/B indicates at Item 1 that the Debtor does not own or have any legal or equitable interest in any residence, building, land, or similar property. He also attests at Item 54 that he does not own or lease any real property. Debtor's

---

[1] In this Order, all references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court. All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure. All references to "FRCP" are to the Federal Rules of Civil Procedure.

1

1   Schedules also includes "Official Form 106G" wherein he attests at Item 1 that he does not have
2   any executory contracts or unexpired leases. Debtor also included "Official Form 206G" where
3   he similarly attests that he has no executory contracts or unexpired leases.

4   On April 11, 2017, Debtor filed a verification of his mailing matrix where he listed the
5   "Estate of Susan Waters" as a creditor at an address in Las Vegas, Nevada.

6   On July 13, 2017, a motion for relief from automatic stay ("MRAS") was filed by Legacy
7   Properties, LLC ("Legacy"). (ECF No. 24). Legacy alleged that on June 30, 2017, it became the
8   holder of title to the Laredo Property,[2] and that it has received no rental payments from the
9   Debtor. Because the obligation to Legacy arose after the bankruptcy was commenced, Legacy
10  asserted that the automatic stay does not apply and that relief should be granted so that it could
11  pursue eviction remedies under state law.

12  On July 19, 2017, an order was entered shortening time so that the MRAS could be heard
13  on August 2, 2017. (ECF No. 31). Notice of the order shortening time was served by U.S. Mail
14  upon the Debtor at the Laredo Property address. (ECF No. 32).

15  On July 31, 2017, Debtor filed a response to the MRAS. (ECF No. 33).

16  On August 2, 2017, the MRAS was heard and the relief was granted inasmuch as the
17  liabilities that are the subject of the relief were incurred after the commencement of the Chapter
18  7 proceeding.

19  On August 17, 2017, an order was entered granting the MRAS ("RAS Order"). (ECF
20  No. 41).

21  On August 21, 2017, Debtor filed a Motion to Reinstate Automatic Stay ("Reinstatement
22  Motion") (ECF No. 42) along with a separate Motion to Reconsider ("Reconsideration Motion")
23  (ECF No. 45). The Reinstatement Motion requests that the court reinstate the automatic stay that

---

[2] Attached to the MRAS as Exhibit "4" is a copy of a declaration of Mickey Griffin attesting that he is the manager of Legacy and that Legacy became the record title holder of the Laredo Property through a Grant, Bargain and Sale Deed recorded in Clark County on or about June 30, 2017. Attached as Exhibit "3" to the MRAS is a copy of a Grant, Bargain, Sale Deed for the conveyance of the Laredo Property to Legacy, showing a recorder's stamp of June 30, 2017.

2

was terminated by the RAS Order, while the Reconsideration Motion requests that the court redetermine the merits of the MRAS. Opposition to both requests was filed on behalf of Legacy (ECF Nos. 51 and 49) and both matters were heard on September 20, 2017. After the hearings, both matters were taken under submission.[3]

## DISCUSSION

Having considered the arguments and representations of the parties and their counsel, along with the materials presented, the court concludes that the Reconsideration Motion must be denied.[4]

A bankruptcy discharge in Chapter 7 applies only to debts incurred before the voluntary Chapter 7 petition was filed. See 11 U.S.C. § 727(b). The earnings of a Chapter 7 debtor received after the filing of the Chapter 7 petition are not property of the bankruptcy estate. See 11 U.S.C. § 541(a)(6). As a result, debts incurred by an individual Chapter 7 after the petition is filed are not subject to the bankruptcy discharge. Moreover, the automatic stay does not prevent a creditor from attempting to collect postpetition debts as long as they are not from assets of the bankruptcy estate.

There is no dispute that Legacy's claim for rents arose, if at all, after the Debtor's voluntary Chapter 7 proceeding was commenced. There is no dispute that the Debtor does not own the Laredo Property and that it is not property of the bankruptcy estate. There is no dispute that the Debtor's payment of any rents will be made, if at all, from sources that are not property of the bankruptcy estate. While the disputed assertions made by the Debtor in connection with

---

[3] On October 12, 2017, a separate Motion to Dismiss ("Dismissal Motion") (ECF No. 35) brought by the Chapter 7 trustee, Victoria Nelson ("Trustee") is scheduled to be heard. The basis for the Trustee's request is that the Debtor has failed to attend the meeting of creditors required under Section 341 on at least five separate occasions. On September 1, 2017, Debtor filed a response to the Dismissal Motion asserting that he was involved in a significant automobile accident on May 1, 2017. (ECF No. 53). He apparently argues that his Chapter 7 case should be permitted to continue notwithstanding his failure to submit himself to examination under oath by his creditors and the Trustee.

[4] A separate order has been entered on the Reinstatement Motion.

3

the instant Reconsideration Motion may have merit,[5] none of the assertions are material to whether cause for relief from stay exists.[6] Under these circumstances, relief from stay is appropriate so that Legacy can pursue unlawful detainer proceedings in a state court of competent jurisdiction.

While the Debtor cites no legal authority permitting reconsideration of a prior court order, relief is available under FRBP 9023 and FRBP 9024, incorporating by reference FRCP 59(e) and FRCP 60. For the reasons discussed above, however, no relief from the RAS Order under any of these provisions is appropriate under the circumstances of this case.[7]

**IT IS THEREFORE ORDERED** that the Motion to Reconsider, Docket No. 45, be, and the same hereby is, **DENIED**.

Copies sent to all parties via CM/ECF ELECTRONIC FILING

---

[5] Debtor has asserted that Legacy does not have standing to seek relief from stay because he never listed Legacy as a creditor. Debtor's argument is somewhat novel as it allow him to decide which creditors could seek relief from stay, even though all of them would be subject to the automatic stay regardless of their knowledge of his bankruptcy. Since he admits that he is living in the Laredo Property but does not own it, and does not dispute the admissibility of the Grant, Bargain, Sale Deed in favor of Legacy, the court concludes that Legacy has established by a preponderance of the evidence its standing to seek relief from stay.

[6] Included in the Debtor's opposition to the MRAS was a copy of a letter from Legacy dated 7/10/17, stating that the letter "shall serve as 24 hour notice of our intent to enter the property. If we do not hear back from you to coordinate a time that is convenient to both of us, you will leave us no choice but to come with the police and a locksmith." There is nothing in that letter setting forth the legal authority for a successor owner of real property to forcibly enter the property over the objection of a prior occupant, absent a court order.

[7] At the hearing on the Reconsideration Motion, both the Debtor and counsel for Legacy acknowledged that unlawful detainer proceedings were commenced in state court. Both apparently agreed that the unlawful detainer proceeding was stayed prior to an initial hearing because a co-occupant of the Laredo Property has filed a separate bankruptcy proceeding. Legacy acknowledged that the hearing cannot resume until relief from stay is obtained in the co-occupant's bankruptcy case. Counsel for Legacy represented that relief from stay would be requested in the co-occupant's bankruptcy case, but was unaware of when such a request would be heard. As a result, the Debtor is under no immediate threat of being evicted from the Laredo Property. This additional information militates against any relief from the RAS Order as there are no exigent circumstances favoring the Debtor.

1  Copies sent via BNC to:
   PARNELL COLVIN
2  6550 LAREDO ST
3  LAS VEGAS, NV 89146

### #